IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 2:19-cr-00006-BHH |
| | ) | |
| v. | ) | |
| | ) | |
| GARY BLAIR SHAFFER | ) | |

**PRELIMINARY ORDER OF FORFEITURE AS TO
GARY BLAIR SHAFFER**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Gary Blair Shaffer ("Shaffer", "Defendant"), based upon the following:

1. On January 2, 2019, an Indictment was filed charging Shaffer with:

    Count 1:            Theft of federal funds, in violation of 18 U.S.C. § 666;

    Count 2:            Money laundering, in violation of 18 U.S.C. § 1956;

    Count 3:            Structuring, in violation of 31 U.S.C. § 5324 and;

    Counts 4 and 5:     False statements, in violation of 18 U.S.C. § 1001.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Shaffer's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

(1) <u>Proceeds/Forfeiture Judgment</u>[1]:

A sum of money equal to all proceeds the Defendant obtained directly or indirectly from the theft of federal funds offense charged in the Indictment, and all interest and proceeds traceable thereto, for which the Defendant is liable as the result of his violation of 18 U.S.C. § 666.

(2) <u>Facilitating Property/Forfeiture Judgment</u>:

A sum of money equal to all property involved in and/or used or intended to be used in the money laundering and structuring offenses charged in the Indictment, and all interest and proceeds traceable thereto, for which the Defendant is liable as the result of his violation of 18 U.S.C. § 1956 and 31 U.S.C § 5324.

3. On July 11, 2019, Shaffer pled guilty to the theft of federal funds charge and one false statements charge.

4. Based on Defendant's conviction, the Court has determined that the government has established the requisite nexus between the amount of proceeds Defendant obtained, and the offense for which Defendant has been convicted; therefore the United States is entitled to a preliminary order of forfeiture, subject to the provisions of U.S.C. § 853 governing third party rights. The Court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Therefore, it is ORDERED THAT all property, real or personal, which constitutes or is derived from proceeds traceable to Defendant's violation of Title 18, United States Code, Section 666 are forfeited to the United States.

---

[1] The government is pursuing a $29,726.67 forfeiture judgment against the Defendant which is equal to the remaining restitution owed.

5. The Court further finds that one or more of the conditions set forth in Title 21, United States Code, Section 853(p), exists.

6. It is, therefore, ORDERED that the United States is entitled to forfeit substitute assets equal to the value of the proceeds in the violation by Defendant as a result of his violation of Title 18, United States Code, Section 666, and that such substitute assets shall not exceed the value of the proceeds Defendant obtained.

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all right, title, and interest of the Defendant, Gary Blair Shaffer, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2. FORFEITURE IS ORDERED against Shaffer and in favor of the United States for $29,726.67, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the forfeiture judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed forfeiture judgment.

4. Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The government is not required to publish notice regarding the personal forfeiture judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6. Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

7. The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

s/Bruce H. Hendricks
BRUCE HOWE HENDRICKS
UNITED STATES DISTRICT JUDGE

January 16, 2020
Charleston, South Carolina